An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY STILLIONS,
Appellant,
vs.
STATE OF NEVADA, NURSING
BOARD,
Respondent.

No. 65747

**FILED**

MAY 2 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order dismissing a petition for judicial review of a State Nursing Board order. Sixth Judicial District Court, Pershing County; Richard Wagner, Judge.

Respondent State of Nevada, Nursing Board entered an order in October 2013 revoking appellant Gregory Stillions' professional license and barring him from applying for reinstatement for 20 years. In January 2014, appellant submitted for filing a complaint challenging the Board's order as excessive and negligently entered with a "deliberate disregard for the injuries [appellant] incurred." The district court construed the complaint as a petition for judicial review and dismissed it as untimely filed. This appeal followed.

Having considered appellant's civil pro se appeal statement and the record on appeal, we conclude that the district court did not err when it construed appellant's complaint as a petition for judicial review and dismissed it as time-barred. *See Ogawa v. Ogawa*, 125 Nev. 660, 667, 221 P.3d 699, 704 (2009) (applying de novo review to a district court's subject matter jurisdiction determination). The Nursing Board's decisions are subject to judicial review under NRS Chapter 233B. *See* NRS 233B.020 (setting forth the legislative intent for the Nevada Administrative Procedure Act (APA)); NRS 233B.039 (listing the only agencies exempted from the APA); NRS 233B.130(6) (explaining that the

SUPREME COURT
OF
NEVADA

(O) 1947A

15-15445

APA provides the exclusive means of judicial action concerning an agency's final decision in a contested case). Because appellant failed to file his petition for judicial review within 30 days after service of the Board's order, the district court lacked jurisdiction to consider appellant's arguments. *See* NRS 632.400(2) (explaining when the Board's decision becomes effective); NRS 233B.130(2)(c) (requiring that a petition for judicial review be filed within 30 days after service of the agency's final decision); *Mikohn Gaming v. Espinosa*, 122 Nev. 593, 598, 137 P.3d 1150, 1154 (2006) (explaining that the district court is divested of jurisdiction if the petition for judicial review is not timely filed within the 30-day limitation period). Accordingly, we affirm the district court's order dismissing appellant's petition as time-barred.[1]

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. James C. Shirley, District Judge
      Gregory Stillions
      Laxalt & Nomura, Ltd./Reno
      Pershing County Clerk

---

[1]Although the district court analyzed the merits of appellant's petition, we do not need to review its findings because we conclude that the district court lacked jurisdiction over the petition.